**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS.   A-2457-24
                      A-2799-24

IN THE MATTER OF THE
ESTATE OF RHODA CRANE,
deceased.

_____

IN THE MATTER OF THE
TRUST OF RHODA CRANE,
deceased.

_____

Argued April 16, 2026 – Decided July 15, 2026

Before Judges Bishop-Thompson and Puglisi.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket Nos. P-000708-24 and P-000709-24.

Justin A. Jacobs argued the cause for appellant Michael E. Crane (Law Advocates LLC, attorneys; Justin A. Jacobs, on the briefs).

Kathleen M. Lee argued the cause for respondent David M. Repetto (Harwood Lloyd, LLP, attorneys; Kathleen M. Lee, of counsel and on the brief).

PER CURIAM

In these consolidated matters, Michael E. Crane[1] appeals from the January 24, 2025 orders denying his orders to show cause and dismissing his complaint, and the March 7, 2025 orders denying his motion for reconsideration. For the reasons that follow, we reverse and remand.

I.

We write primarily for the parties, who are fully familiar with the procedural history of the underlying matters. A brief summary provides context for our decision.

Rhoda Crane died testate in July 2020, with her estate to be paid to the trustees of her trust. At the time of her death, Rhoda lived in a property held in the trust, with Rhoda and her sister Joyce Crane as co-trustees. When Joyce died in October 2020, she was survived by her two children, Michael and Jacqueline Crane, as equal beneficiaries of her estate. Litigation between Michael and Jacqueline then ensued in both New York and New Jersey, wherein each contested ownership of Rhoda's various real property and alleged mismanagement of her personal property. As a result of the litigation, Judge James J. DeLuca appointed David M. Repetto, an attorney with the firm of

---

[1] Because certain individuals involved in the litigation share a common surname, we refer to them by their first names. No disrespect is intended.

A-2457-24

Harwood Lloyd, LLP, as substitute trustee of Rhoda's trust and administrator C.T.A.[2] of Rhoda's estate.

After the court accepted Rhoda's will to probate, Jacqueline moved for default against Michael. On February 4, 2022, Judge DeLuca entered final judgment by default. While the details of the judgment are largely not germane to the issues on appeal, Judge DeLuca found Michael responsible for attorneys' fees and costs, including those incurred by the estate on behalf of Repetto, and those incurred by Jacqueline in her efforts to preserve the estate and trust.[3]

In December 2022, Judge DeLuca retired from the bench and in February 2023, began employment as a mediator at Harwood Lloyd. In November 2024, Michael filed a letter seeking leave to file a motion to remove Repetto as administrator and trustee and disqualify Harwood Lloyd. In December 2024, he filed separate orders to show cause and verified complaints in each matter. In

---

[2] C.T.A. is short for "cum testamento annexo" (Latin for "with the will attached"), which indicates the administrator was appointed by a court because the named executor became unavailable. See In re Est. of Gerhardt, 336 N.J. Super. 157, 166 (Ch. Div. 2000).

[3] Although the judgment did not indicate the amount of attorneys' fees payable to Repetto, those incurred by Jacqueline totaled close to $690,000. In our prior decision involving this litigation, we reversed the trial court's order denying Michael's order to show cause demanding Repetto provide an accounting, which would include the attorneys' fees incurred by the estate. In re Est. of Rhoda Crane, No. A-3739-22 (App. Div. Nov. 15, 2024) (slip op. at 13, 15).

them, Michael alleged Judge DeLuca was disqualified from involvement in the estate and trust litigation, and that conflict flowed to the entire firm of Harwood Lloyd, including Repetto, because the firm failed to adopt any written screening procedure for Judge DeLuca. Michael sought Repetto's removal as administrator of the estate and trustee of the trust, appointment of himself in Repetto's stead, sanctions, and other relief. The trial court denied the preliminary restraints and entered the order to show cause.

Repetto, represented by Harwood Lloyd, answered the complaints and opposed the orders to show cause. Repetto's certification in opposition recounted Michael's "utter lack of cooperation, lack of adherence to orders of the court, and complete disregard for court rules and procedures." (emphasis omitted). He alleged Michael misappropriated assets and funds from the estate and noted Michael owed over $2.4 million to the estate. Regarding Judge DeLuca, Repetto certified:

> [M]yself and my colleagues have not discussed the Crane matters with Judge DeLuca. Further, Judge DeLuca has no involvement in any matters involving Michael Crane or the Estate. Due to the size of Harwood Lloyd and the limited number of individuals involved in handling the Crane matters, there was no need for a formal written procedure. All those involved are aware that Judge DeLuca cannot be included in discussions on this matter, and he has not been so included.

4

After considering argument, the trial court issued an oral decision denying the orders to show cause and dismissing the complaints. The court examined RPC 1.12, which prohibits a former judge from representing anyone in connection with a matter in which the former judge participated personally and substantially. The court noted disqualification flows to all the lawyers in the firm unless the former judge is timely screened from participation in the matter and written notice is provided to the parties and tribunal to ensure compliance.

In rejecting Michael's interpretation, the court found RPC 1.12 did not apply to an individual appointed as a fiduciary, such as Repetto. It noted Judge DeLuca appointed Repetto to serve as administrator and trustee, and neither Repetto nor Judge DeLuca was "representing any of the parties in this litigation." Although the court was persuaded the Rule did not apply, it noted Harwood Lloyd had "gone to great lengths to screen Judge DeLuca from any participation in this matter." Because the complaints failed to state a claim, the court denied the orders to show cause and dismissed them.

Michael timely moved for reconsideration, contending Repetto "abused the trust and confidence reposed in him," and therefore should be removed pursuant to N.J.S.A. 3B:14-21. The court denied the motion, finding Michael failed to demonstrate the prior order was based on a palpably incorrect or

irrational basis or that it did not appreciate the significance of competent probative evidence.

On appeal, Michael argues the trial court erred because: it did not evaluate whether Harwood Lloyd should have been disqualified; disqualification was automatic and not curable through screening because Judge DeLuca had obtained Michael's confidential information in camera; and even if the disqualification could have been cured through screening, Harwood Lloyd did not implement a written screening procedure. He also reiterates his contention Repetto should have been removed pursuant to N.J.S.A. 3B:14-21.

II.

Our review of a decision granting or denying a motion to disqualify counsel is de novo. City of Atlantic City v. Trupos, 201 N.J. 447, 463 (2010). Michael sought disqualification of Repetto and Harwood Lloyd under RPC 1.12, which, in pertinent part, states:

> (a)    Except as stated in paragraph (c), a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge . . . , unless all parties to the proceeding have given consent, confirmed in writing.
>
> (b)    If a lawyer is disqualified by paragraph (a), no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in the matter unless:

> (1)   the disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and
>
> (2)   written notice is promptly given to the parties and any appropriate tribunal to enable them to ascertain compliance with the provisions of this Rule.

Setting aside the statute prohibiting a retired judge from practicing law in the State,[4] there is no question this Rule precludes Judge DeLuca from representing anyone in connection with this estate or trust litigation. He participated personally and substantially in those matters as a judge, having entered various orders and final judgment.

Because Judge DeLuca is disqualified under paragraph (a), no lawyer at Harwood Lloyd may undertake or continue representation unless Judge DeLuca was timely screened from any participation in the matters and does not obtain any fee. The trial court determined this provision did not apply because Repetto was acting as a fiduciary, not an attorney. This premise appears to have been mistaken because a July 6, 2021 order entered by Judge DeLuca awarded attorneys' fees for legal work performed by Repetto and another Harwood Lloyd attorney. In doing so, Judge DeLuca noted:

---

[4]  See N.J.S.A. 43:6A-13.

A-2457-24

Further, N.J.S.A. 3B:18-6 provides that "[i]f the fiduciary is a duly licensed attorney of this State and shall have performed professional services in addition to his fiduciary duties, the court shall, in addition to the commissions provided by this chapter, allow him a just counsel fee." Our courts routinely award attorney's fees pursuant to N.J.S.A. 3B:18-6 where the fiduciary performs legal work in addition to work performed as an estate fiduciary. See, e.g., In re Est. of Simon, 93 N.J. Super. 579 (App. Div. 1967); In re Gleason, 96 N.J. 1 (1984).

[(Citations reformatted).]

Thus, the record shows both Repetto and Harwood Lloyd provided legal services, in addition to Repetto's role as a fiduciary.

The record reflects this argument was not presented to the trial court nor was the July 6, 2021 order provided for the court's consideration in deciding the orders to show cause. That judge inherited the matter from Judge DeLuca post-judgment, and during the orders to show cause, attorneys' fees were only discussed generally in the context of the accounting.

While we ordinarily decline to consider an issue not properly presented to the trial court unless the jurisdiction of the court is implicated or the matter concerns an issue of great public importance, Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973), given the potential disqualification at issue here, we are persuaded the trial court should consider the application anew in light of this

information.  We therefore reverse the January 24, 2025 orders and remand for further proceedings.  We leave to the sound discretion of the trial court whether testimony is necessary to decide the issue.

For the sake of completeness, we note the screening required by RPC 1.12 is defined in RPC 1.0(*l*):

> "Screened" denotes the isolation of a lawyer from any participation in a matter through the timely adoption and enforcement by a law firm of a written procedure pursuant to RPC 1.10(f) which is reasonably adequate under the circumstances to protect information that the isolated lawyer is obligated to protect under these Rules or other law.

In turn, RPC 1.10(f) provides:

> Any law firm that enters a screening arrangement, as provided by this Rule, shall establish appropriate written procedures to insure that:  (1) all attorneys and other personnel in the law firm screen the personally disqualified attorney from any participation in the matter, (2) the screened attorney acknowledges the obligation to remain screened and takes action to insure the same, and (3) the screened attorney is apportioned no part of the fee therefrom.

Here, Harwood Lloyd conceded it did not implement a written screening procedure for Judge DeLuca.  On appeal, Michael provided billing details from February 15, 2024, which show an entry from an attorney with the notation: "confer with Judge DeLuca regarding release of escrow," which, he argues,

A-2457-24

demonstrates the insufficiency of the informal screening. Because this document was provided for the first time on appeal, we decline to consider it.

Given our decision, we need not address the trial court's denial of the motions for reconsideration. However, our decision should not be construed to express an opinion on the outcome of the orders to show cause, nor should it be interpreted as an indication of any impropriety on the part of Judge DeLuca.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division